FREDERICK TINSON, survivor, etc., Respondent, *v.* ABRAHAM
R. WELCH, Appellant.

The judge who tries a cause is not authorized to entertain a motion made
upon his minutes to set aside a verdict upon the ground that it was con-
trary to the instructions of the court.

(Submitted May 22, 1872; decided September term, 1872.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, reversing an order of the
judge at the Trial Term setting aside a verdict in favor of the
plaintiff and granting a new trial.

The action was brought to recover for seventy-five yards
of carpet sold and delivered to the defendant by the firm of
R. N. Tinson & Co., of which the plaintiff is survivor, and
for making and laying the same down in his house, and for
fifty yards of batting, also sold, delivered and laid down
therein.

The defendant in his answer sets up a special contract and
a failure to perform the same. A counter-claim was also set up
for damages by the defendant in consequence of the plaintiff's
failure to deliver a good, perfect and undamaged carpet, to
which a reply in denial thereof was interposed..

There was a conflict of evidence both as to the terms of
the agreement and the merchantable quality of the carpet.
At the close of the evidence the judge charged the jury,
referring to the conflicting nature of the testimony, and
instructed them substantially that if they believed the testi-
mony given on the part of the defendant as to terms of the
agreement, then he would be entitled to their verdict. If,
on the other hand, they gave credit to the evidence intro-
duced on behalf of the plaintiff on that question, then, if he
had performed the agreement on his part fully, he must have
their verdict for the amount claimed by him with interest,
$520.64.

There was no exception to evidence nor to the charge by
either party. The jury rendered a verdict for the plaintiff

for $425. The counsel for the defendant then moved upon the minutes of the judge for a new trial upon the ground that the verdict was against the instructions of the judge. The judge granted the motion, as stated in the order granting it, on that ground, with costs to abide the event.

*David McAdam* for the appellant. The judge has power to review the verdict of the jury on the ground that it is contrary to the instructions of his charge. (*Clark* v. *Richards*, 3 E. D. Smith, 89 ; *Rogers* v. *Murray*, 3 Bosw., 357 ; *Bunten* v. *Orient. Mut. Ins. Co.*, 4 id., 254 ; *U. S.* v. *Duval*, Gilp., 356, 389 ; *Johnson* v. *Root*, 2 Fish, 291 ; *Wilke* v. *Rosevelt*, 3 John. Cas., 210 ; *Farley* v. *Budd*, 14 Iowa [6 With.], 289.) The power to set aside a verdict exists, independent of Code, § 264. (2 Gra. & Water. on N. T., 38, 40 ; 3 id., 1179, 1181.)

*G. Tillotson* for the respondent. This court has no power to review the findings of the jury. (*Godfrey* v. *Johnston*, 1 Keyes, 559 ; *Parker* v. *Jervis*, 3 id., 272.) The defendant could not complain that the verdict was against the directions of the court. (*Woolf* v. *Goodhue F. Ins. Co.*, 43 Barb., 405.) The judge had no jurisdiction to make the order appealed from. (Code, § 264 ; *Moore* v. *Wood*, 19 How. Pr., 409 ; *Allgro* v. *Duncan*, 24 How., 210.)

LOTT, Ch. C. It appears by the recital in the order granting the new trial that the motion therefor was made, on the part of the defendant, on the judge's minutes, upon the ground that the verdict was against the instructions of the court. The only question therefore to be determined is, whether the order was proper. The Code, § 264, provides that "the judge who tries a cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages." The motion, on which the order in question was granted, was on neither of these grounds, and was wholly unauthorized by that provision.

It is unnecessary to inquire whether the judge could have set aside the verdict on the ground stated in the order, without an application by either party. That question does not arise on this appeal. The order as made was erroneous, and it was properly reversed by the General Term.

The order of reversal must, therefore, be affirmed with costs, and judgment absolute must be entered against the appellant, pursuant to his stipulation, on the verdict.

All concur in result ; EARL, C., upon the ground that the jury having found the facts against defendant he could not complain that the verdict was not as large as under the instructions of the court it should have been.

Order affirmed and judgment accordingly.