Dusenbury agt. Dusenbury.

cated upon a separate independent contract, was improperly stricken out (*Patterson* agt. *Richardson*, 22 *Barb.*, 145; *Bank* agt. *Monteith*, 39 *N. Y.*, 297; *Chambers* agt. *Lewis*, 11 *Abbott*, 110; *Allen* agt. *Patterson*, 3 *Seldon*, 476; 53 *N. Y.*, 307; 42 *N. Y.*, 83).

There was evidence upon which the jury were warranted in finding there was no authority to sell upon credit, and there was no proof of a custom to sell on credit shown to have been known to plaintiff (50 *Barb.*, 288). We see no other error in the course of trial calling for a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to abide the event, unless the plaintiff stipulates to reduce the verdict and judgment by deducting therefrom twenty dollars and interest from the 30th day of November, 1873, in which case the judgment as so modified is affirmed with costs.

TALCOTT, P. J., and SMITH, J., concur.

---

## N. Y. SUPERIOR COURT.

WILLIAM W. DUSENBURY, administrator, agt. CHARLES D. DUSENBURY.

WILLIAM W. DUSENBURY, administrator, agt. BENJAMIN DUSENBURY.

*Motion for new trial upon judge's minutes — when not to be entertained — Code of Civil Procedure, section 999.*

Section 999 of the Code does not authorize the trial judge to entertain a motion for a new trial on his minutes, in the case of the dismissal of the complaint on the plaintiff's own showing; the plaintiff's remedy being either by appeal or a motion for a new trial at special term on a case to be made and settled.

*Special Term, August,* 1881.

MOTION by plaintiff in each of the above entitled actions upon the minutes of the judge, to set aside judgment, entered upon the order of nonsuit granted at the trial, and to grant a new trial upon exceptions.

*Ira D. Warren*, for plaintiff.

*Hall & Blandy*, for defendants.

FREEDMAN, *J.*— Although the point decided in *Tinson* agt. *Welch* (51 *N. Y.*, 244), in which case there was a verdict but no exception, has been obviated by the amendments made by section 999 of the Code of Civil Procedure, yet the general term of the supreme court, in *Van Doren* agt. *Horton* (19 *Hun*, 7), in construing that section, decided that an exception without a verdict is equally unavailing to authorize the trial judge to entertain a motion for a new trial on his minutes, and that an exception to a mere non-suit is not enough. The kind of motion which, by the language of that section, the judge is empowered to entertain upon his minutes, is a motion to set aside the verdict and grant a new trial. The verdict may have been directed by the trial judge or it may represent the independent judgment of the jury upon the facts. But in the case of a dismissal of the complaint upon the plaintiff's own showing, there is no verdict at all, though a jury may have been impanneled to try the issue. Whatever, therefore, my views may be as to the merits of the motion before me, the motion must be denied and the plaintiff left to seek his remedy either by a motion for a new trial at special term on a case to be made and settled, or by appeal to the general term, as he may be advised.